**REMAND / JS-6**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 20-668-GW-MAAx | Date | March 31, 2020 |
|---|---|---|---|
| Title | *Ashley Manci v. The TJX Companies, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None Present | None Present | |

**PROCEEDINGS:**     **IN CHAMBERS - RULING ON PLAINTIFF'S MOTION FOR REMAND [14]**

Attached hereto is the Court's final ruling. The Court GRANTS the Motion to Remand and this lawsuit is ordered remanded back to state court forthwith.

                                                                                             :

Initials of Preparer    JG

<u>*Ashley Manci v. The TJX Companies, Inc. et al.*</u>; Case No. 2:20-cv-00668-GW-(MAAx)
Ruling on Motion to Remand

## I. Background

Plaintiff Ashley Manci sues Defendants The TJX Companies, Inc.; Marshalls of MA, Inc.; MCP One Westside LLC; and Does 1-50 for: (1) premises liability and (2) general negligence. *See generally* Complaint, Docket No. 1-1.

Plaintiff alleges the following: Plaintiff was at the property located at 11270 W. Olympic Blvd., Los Angeles, CA (the "Property") on February 13, 2019. *Id.* ¶¶ 8-9. Defendants owned, leased, occupied, maintained, and controlled the Property. *Id.* ¶ 15. The Property includes a "Marshalls" retail store. *Id.* ¶ 23. Defendants had an unmarked fixed window panel and/or an adjacent, transparent glass sidelight window on the Property. *Id.* ¶ 13. Defendants did not give adequate warning or protect against the potential harm from the window. *Id.* Plaintiff struck her head and face on the window. *Id.* ¶ 15. Plaintiff was injured when this occurred. *Id.* ¶¶ 17-19.

Plaintiff brought suit in the County of Los Angeles Superior Court, and Defendants Marshalls of MA, Inc. ("Marshalls") and The TJX Companies, Inc. ("TJX") removed to this Court. *See* Notice of Removal, Docket No. 1. Plaintiff filed a motion to Remand. *See* Motion to Remand ("Motion"), Docket No. 14. Defendants oppose. *See* Opposition to Motion to Remand ("Opp'n"), Docket No. 19. Plaintiff replies. *See* Reply in Support of Motion to Remand ("Reply"), Docket No. 22.

The Court finds that the Motion can be decided on the papers and oral argument is not needed. *See* C.D.Cal. L.R. 7-15. In light of the current coronavirus pandemic and the Order of the Chief Judge No. 20-042, the hearing date was taken off-calendar.

## II. Legal Standard

Federal courts possess limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congressional statute. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal courts operate under the presumption that they do not have jurisdiction over state causes of action, and the party claiming federal jurisdiction must prove otherwise. *See id*. (citing *Turner v. Bank of N. Am.*, 4 U.S. 8, 11 (1799); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)). Additionally, "[t]he defendant bears the burden of establishing that removal is proper" and removal statutes are

"strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *see also Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) ("[J]urisdiction must be rejected if there is any doubt as to the right of removal."). Subject-matter jurisdiction exists over claims that: (1) are between citizens of different states, and (2) have an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a). In order for a court to have jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse. *See Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 553 (2005) ("[T]he presence . . . of a single plaintiff from the same [s]tate as a single defendant deprives the district court of original diversity jurisdiction.").

### III. Discussion

Plaintiff argues that remand should be granted because Defendants failed to properly allege the citizenship of MCP One Westside, LLC ("MCP"). *See* Motion at 4-5. For the purposes of determining diversity, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also* O'Connell & Stevenson, Cal. Prac. Guide: Fed. Civ. Proc. Before Trial § 2:1372 (The Rutter Group 2016). In the Notice of Removal, Marshalls and TJX allege only that MCP is registered in Delaware and has its principal place of business in New Jersey. *See* Notice of Removal, ¶ 6. Because MCP is an LLC, this does not adequately establish MCP's citizenship. Similarly, the information contained in Defendants' Exhibit E does not make clear MCP's membership or citizenship. *See* Notice of Removal, Ex. E.

Defendants concede that an LLC's citizenship is determined by the citizenship of its members and that if an LLC's members are also partnerships, a federal court must know their citizenship as well. *See* Opp'n at 7. They respond that jurisdiction in this Court is proper because MCP "is indirectly owned by MetLife Core Property Fund, LP, which is a limited partnership also formed in Delaware, also with its principal place of business in New Jersey." *Id*. However, this does not establish MCP's citizenship. Defendants have not provided the Court with MCP's membership, as required; they have only alleged that MCP is "indirectly owned" by MetLife Core Property Fund, LP. *Id.* Further, even if the Court were to assume that MetLife Core Property Fund, LP, which is a limited partnership, is MCP's sole member, Defendants state only that MetLife Core Property Fund, LP was formed in Delaware and has its principal place of business in New Jersey. *See id.* This is insufficient to establish the citizenship of MetLife Core

Property Fund, LP: because it is a partnership, its citizenship is determined by the citizenship of its members. *See, e.g.*, *Johnson*, 437 F.3d at 899. As such, Defendants have failed to meet their burden of demonstrating that diversity of citizenship exists between the parties. Without complete diversity, the Court cannot exert jurisdiction over this dispute.

## IV.    Conclusion

Based on the foregoing discussion, the Court **GRANTS** the Motion to Remand. This lawsuit is ordered remanded back to state court forthwith.